IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00410-MSK-CBS

ROBERT W. WALTER,
        Plaintiff,
v.

RJM ACQUISITIONS, LLC,
        Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding Plaintiff, Mr. Walter's, failure to

appear at the Telephonic Discovery Conference held on May 14, 2012, failure to

appear at the In-Court Hearing held on May 18, 2012, failure to comply with court

orders, the Local Rules of Practice of the United States District Court for the District of

Colorado, and the Federal Rules of Civil Procedure, failure to respond to the court's

May 22, 2012 Order to Show Cause, and failure to prosecute this action.  By the Order

Referring Case dated February 17, 2012, this civil action was referred to the Magistrate

Judge to conduct proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R.

Civ. P. 72(a) and (b).  (*See* Doc. # 4).  The court has reviewed the entire case file and

the applicable law and is sufficiently advised in the premises.

        Proceeding *pro se*, Mr. Walter filed the instant action on February 15, 2012,

alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* and the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and a claim for

1

defamation.  (*See* Complaint (Doc. # 1)).  Mr. Walter seeks monetary damages.  (*See id.* at 12-13 of 20).

On May 4, 2012, Defendant filed its "Motion for Hearing Regarding Discovery Dispute."  (*See* Doc. # 17).  Defendant requested a hearing regarding Mr. Walter's failure to timely respond to Defendant's written discovery.  Defendant's Motion further stated that Mr. Walter had been unresponsive to Defendant's efforts to confer in accordance with D.C.ColoL.CivR. 7.1A.  (*See* Doc. # 17).  By an Order dated May 8, 2012, the court set a Telephonic Discovery Conference on May 14, 2012 at 3:30 p.m. (*See* Doc. # 19).  The court delivered an electronic copy of the Order to Mr. Walter at his e-mail address of record with the court.  (*See* Doc. # 19, Notice of electronic mailing).  The court's records do not indicate that Mr. Walter's Notice was bounced back as undeliverable.  The court held the Telephonic Discovery Conference on May 14, 2012.  Defendant appeared via telephone through counsel.  Mr. Walter did not appear.  Defense counsel informed the court of the efforts he had made to contact Mr. Walter.  A member of the court's staff attempted to reach Mr. Walter via telephone and was able only to leave a voicemail message.  On the record, the court set a further in-court hearing for May 18, 2012 at 8:30 a.m.  (*See* Courtroom Minutes/Minute Order (Doc. # 20)).  The court warned Mr. Walter that failure to participate in the In-Court Hearing could result in dismissal of this civil action for failure to prosecute.  (*See* Doc. # 20).  The court delivered an electronic copy of the Courtroom Minutes/Minute Order to Mr. Walter at his e-mail address of record with the court.  (*See* Doc. # 20, Notice of electronic mailing).  The court's records do not indicate that the Notice was  bounced

back as undeliverable.

The court held the In-Court Hearing on Defendant's "Motion for Hearing Regarding Discovery Dispute" on May 18, 2012. Defense counsel appeared in person. Again, Mr. Walter did not appear. (*See* Courtroom Minutes/Minute Order (Doc. # 21)). Again, a member of the court's staff attempted to reach Mr. Walter via telephone and was able only to leave a voicemail message. To date, Mr. Walter has not contacted the court regarding his failures to appear.

On May 22, 2012, the court issued an order directing Mr. Walter to show cause on or before June 6, 2012 why this civil action should not be dismissed for failure to participate in the Telephonic Discovery Conference held on May 14, 2012, failure to appear at the In-Court Hearing held on May 18, 2012, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure and court orders, and failure to prosecute this action. (*See* Doc. # 22). *See also* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order."); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute). The court advised Mr. Walter that failure to adequately respond to the Order to Show Cause on or before June 6, 2012 could result in a Recommendation to District Judge Krieger that this civil action be dismissed without further notice. (*See* Doc. # 22). The court delivered an

3

electronic copy of the Order to Show Cause to Mr. Walter's e-mail address of record. (*See* Doc. # 22, Notice of electronic mailing). The court's records do not indicate that the Notice was bounced back as undeliverable. As of this date Mr. Walter has not responded to the court's Order to Show Cause. Mr. Walter has not appeared or filed anything in this case since April 9, 2012. (*See* Courtroom Minutes of Rule 16(b) Scheduling Conference (Doc. # 14)).

Mr. Walter has failed to appear at the Telephonic Discovery Conference held on May 14, 2012, failed to appear at the In-Court Hearing held on May 18, 2012, failed to comply with court orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failed to respond to the court's May 22, 2012 Order to Show Cause, and failed to prosecute this civil action. Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice. *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); *Rogers*, 502 F.3d at 1151 ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local

rules is a proper ground for dismissal."); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).  Here, the court recommends dismissal without prejudice.  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired."  *Id.* (citation omitted). Mr. Walter has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and apply the limitations periods or tolling provisions applicable to Mr. Walter's claims alleging violation the Fair Debt Collection Practices Act and the Fair Credit Reporting Act and defamation.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Mr. Walter's failure to appear at the Telephonic Discovery Conference held on May 14, 2012, failure to appear at the In-Court Hearing held on May 18, 2012, failure to comply with court orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to respond to the court's May 22, 2012 Order to Show Cause (Doc. # 22), and failure to prosecute this action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party

may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).  A general objection that does not put the District Court on notice of

the basis for the objection will not preserve the objection for *de novo* review.  "[A]

party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for de novo review by the district court or for

appellate review."  *United States v. One Parcel of Real Property Known As 2121 East

30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate

Judge's proposed findings and recommendations and will result in a waiver of the right

to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal

Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain

portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.

1992) (by their failure to file objections, plaintiffs waived their right to appeal the

Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

      DATED at Denver, Colorado, this 26th day of June, 2012.

            BY THE COURT:


              s/Craig B. Shaffer
            United States Magistrate Judge